UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMAAR HAYES,
　　　Movant,

v.　　　　　　　　　　　　　　　Case No. 8:21-cv-539-SDM-TGW

UNITED STATES OF AMERICA,
　　　Respondent.

## UNITED STATES' RESPONSE IN OPPOSITION TO HAYES'S AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255

The United States opposes for the following reasons Jamaar Hayes's amended motion to vacate, set aside, or correct his sentence. Civ. Doc. 8.[1]

## I.　STATEMENT OF THE CASE

### A.　The Charge and Sentencing

A federal grand jury in the Middle District of Florida returned an indictment charging Hayes with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Doc. 1. He agreed in a plea agreement with the United States to plead guilty to that charge. Docs. 22, 26, 37.

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). In the PSR, the probation office stated that Hayes had a base offense level of 20 pursuant to USSG §2K2.1(a)(4)(A). PSR ¶ 15. To that, the probation office added four levels pursuant to USSG

---

[1] References to filings in criminal case number 8:18-cr-77-SDM-TGW are cited as "Doc. [document number]." References to filings in this civil case are cited as "Civ. Doc. [document number]."

§2K2.1(b)(4)(B) because his firearm had an obliterated serial number. PSR ¶ 16. The probation office also said that Hayes qualified as an armed career criminal under USSG §4B1.4 because he had prior felony convictions for (1) delivery of cocaine; (2) delivery of a controlled substance within 1000 feet of a church; and (3) delivery of cocaine within 1000 feet of a school. PSR ¶ 21. That raised his overall offense level to 33. PSR ¶ 22. The probation office subtracted three levels from that pursuant to USSG §3E1.1 because Hayes had timely accepted responsibility for his offense, PSR ¶ 24, which left Hayes with a total offense level of 30, PSR ¶ 25. With a criminal-history category of IV, PSR ¶ 54, Hayes would have had an advisory range of imprisonment of 135 to 168 months, PSR ¶ 97, but, because he qualified as an armed career criminal, he had a statutory minimum sentence of 15 years' imprisonment under 18 U.S.C. § 924(e), PSR ¶ 96. Therefore, Hayes faced an advisory term of imprisonment of 180 months. PSR ¶ 97.

Hayes submitted a sentencing memorandum arguing, in part, that Hayes's previous convictions did not qualify as "serious drug offenses" because: (1) "the statute of conviction, Fla. Stat. § 893.13, is a non-generic drug offense that does not require proof that the defendant knew the illicit nature of the substance[;]" and (2) "possession with intent to deliver or delivery may be committed without the defendant receiving remuneration." [2] Doc. 33 at 5–10; *see also* PSR Addendum. The

---

[2] Hayes acknowledged in his sentencing memorandum that his "mens rea" argument was contrary to Eleventh Circuit precedent. Doc. 33 at 5. During Hayes's later sentencing hearing, his counsel referred to the two arguments as the "mens rea" and "remuneration" arguments. Doc. 56 at 8.

memorandum also asked this Court to impose a sentence of 180 months' imprisonment. Doc. 33 at 2, 14.

At Hayes's final sentencing hearing,[3] his counsel objected to the narratives set forth in the PSR describing Hayes's prior drug convictions for the purpose of determining whether those convictions qualified as serious drug offenses for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), (the "ACCA"). Doc. 56 at 4–5. She argued that those narratives were not based on appropriate *Shepard* documents.[4] *Id.* at 4–5. In response, the United States asserted that this Court could rely on the narratives not to determine whether Hayes qualified as an armed career criminal but as information relevant to a determination of a reasonable sentence for him. *Id.* at 5–6. This Court overruled the objection. *Id.* at 6.

Afterward, Hayes's counsel further moved to incorporate the "*mens rea*" and "remuneration" arguments raised in Hayes's sentencing memorandum. Doc. 56 at 7–8. Hayes's counsel again acknowledged that Eleventh Circuit precedent refuted Hayes's "*mens rea*" challenge to his armed-career-criminal designation, explaining

---

[3] When the parties initially convened for Hayes's sentencing hearing, Hayes's counsel advised this Court that she had been unable to determine from the judgment the nature of one of Hayes's prior Florida drug convictions. Doc. 55 at 3. She asserted that the judgment showed that Hayes had been charged with one count of distribution of a controlled substance within 1000 feet of a church, possession of cocaine with intent to sell it, and possession of cannabis with intent to sell it, but it was unclear as to which of those charges Hayes had been convicted. Doc. 55 at 3l; *see* Doc. 40 at 44. At the request of Hayes and the United States, this Court continued the hearing. Doc. 55 at 3–4.

[4] In *Shepard v. United States*, 125 S.Ct. 1254, 1263 (2005), the Supreme Court held that, in determining whether a disputed prior conviction for a non-generic offense is a predicate felony for purposes of the ACCA, a district court may only consider the statute of conviction, charging documents, any plea agreement or plea colloquy, and similar judicial records. *See* 125 S.Ct. at 1263.

that she wanted to preserve the argument for purposes of appeal. Doc. 56 at 7–9.
This Court acknowledged the arguments but overruled Hayes's objections. *Id.* at 8–9.

This Court subsequently determined that Hayes had a guidelines offense level
of 30 and a criminal-history category of IV. Doc. 56 at 10–11. Hayes's counsel asked
this Court to impose the guidelines sentence of 15 years' imprisonment and discussed
the 18 U.S.C. § 3553(a) factors in support of that request. *Id.* at 11–13. Hayes also
addressed this Court, arguing that he should not be subjected to a longer sentence
based on prior convictions for which he had already served prison time. *Id.* at 14–15.
This Court sentenced Hayes as an armed career criminal to a term of 180 months'
imprisonment, to be followed by five years' supervised release. Doc. 42; Doc. 56 at
17–18.

**B.   The Appeal**

Hayes appealed this Court's conviction and sentence by raising four claims.
Doc. 46. He argued this Court plainly erred by: 1) accepting his guilty plea; 2)
determining that he qualified as an armed career criminal based on his prior Florida
drug convictions for offenses committed on different occasions; 3) determining his
ACCA status based on facts proven at sentencing by a preponderance of the
evidence; and lastly, 4) determining that his prior Florida drug-distribution
convictions constituted serious drug offenses despite lacking a *mens rea* element.
*United States v. Hayes*, No. 18-13435-DD, 2018 WL 6248419, at *7–10 (11th Cir. Nov.
28, 2018) (Appellant's Initial Brief). The Eleventh Circuit rejected each argument
and affirmed Hayes's conviction and sentence. *United States v. Hayes*, 779 F. App'x

574 (11th Cir. 2019) (unpublished). Hayes then sought certiorari, which the Supreme Court denied on March 2, 2020. *United States v. Hayes*, 140 S. Ct. 1271 (2020).

### C.   The Motions to Vacate, Set Aside, or Correct Sentence

In February 2021, Hayes timely filed his initial motion under 28 U.S.C. § 2255.[5] Civ. Doc. 1. At Ground One, Hayes argued that this Court violated his Due Process rights by sentencing him as an armed career criminal. Civ. Doc. 1 at 8–10. He asserted that his prior Florida drug convictions in violation of Fla. Stat. § 893.13 did not qualify as valid predicate offenses because they were strict liability offenses that lacked the requisite *mens rea* as to the illicit nature of the distributed substance. *Id.* Hayes claimed in Ground Two that he received ineffective assistance because his counsel failed to raise the argument presented in Ground One. Civ. Doc. 1 at 10–11. The United States responded in opposition on May 20, 2021. Civ. Doc. 3.

On May 9, 2022, upon securing this Court's permission, Civ. Doc. 7 at 2, Hayes filed an amended section 2255 motion to vacate that includes original Grounds One and Two (redesignated as Grounds One and Four, respectively) and adds two new grounds. At new Ground Two, Hayes argues that he is "innocent of [the] sentence imposed under § 924(e)" because he does not have at least three qualifying convictions committed on different occasions and, at Ground Three, he

---

[5] Although Hayes dated his original motion February 24, prison authorities stamped the mailing envelope that accompanies the motion received on February 22, 2021. Civ. Docs. 1 at 7 and 1-1 at 2. Thus, Hayes timely filed that section 2255 motion within one year of his conviction becoming final. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (pleadings filed by an incarcerated movant are deemed filed on the date they were placed into the prison's official mail system; if prisoner timely petitions for certiorari review, section 2255 limitation period "begins to run when the Supreme Court denies certiorari or issues a decision on the merits").

argues that Due Process and the rule of lenity demands his sentence be vacated because the "occasion clause" of § 924(e) is unconstitutionally vague. Civ. Doc. 8 at 5-6. Both new grounds cite as support the recent Supreme Court decision in *Wooden v. United States*, 142 S.Ct. 1063 (2022).

Hayes has also now recently moved for permission to further expand his amended section 2255 motion, in light of the recent decision in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), mandate withheld, No. 21-13963 (11th Cir. June 13, 2022). Civ. Doc. 9. Upon consideration of Hayes's motion and the United States' related motion, Civ. Doc. 10, this Court denied Hayes's request to expand his second amended motion but directed the United States to address whether *Jackson* supports a claim in Hayes's amended section 2255 motion. Civ. Doc. 11.

As demonstrated below, this Court should deny all four claims raised in Hayes's amended section 2255 motion. Binding Eleventh Circuit (and, now, Supreme Court) precedent precludes relief. Because Hayes has now raised different grounds for relief at different times, the United States generally sets forth below the relevant law applicable to the pending section 2255 motion and then, when necessary, addresses each ground in the order raised by Hayes.

## II. APPLICABLE LAW

### A. Timeliness

Hayes's judgment of conviction became final on March 2, 2020, when his petition for certiorari review was denied. Doc. 65. Because Hayes filed his original section 2255 motion in February 2021, that motion was timely filed as to the original

Ground One and Ground Two (now Grounds One and Four) contained therein. Hayes's amended section 2255 motion was dated May 2 but bears a mailroom "Received" date of May 3, and was filed May 9, 2022,[6] all dates more than two years after his conviction became final. Grounds Two and Three of the amended section 2255 motion were therefore filed well past the one-year period of limitations under section 28 U.S.C. § 2255(f)(1). Moreover, none of the exceptions under subsections (f)(2)–(f)(4) apply and, as Grounds Two and Three state new claims not raised in the original 2255 motion, Fed. R. Civ. P. 15(c) does not allow Hayes to timely amend his motion to add the claims. Grounds Two and Three are therefore untimely.

### B.  Burden of Proof

In general, on collateral review the movant bears the burden of proof and persuasion on each and every aspect of his claim, *Beeman v. United States*, 871 F.3d 1215, 1221–25 (11th Cir. 2017) (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see United States v. Frady*, 102 S.Ct. 1584, 1587 (1982). Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, then the movant has failed to carry his burden. *Beeman*, 871 F.3d at 1225.

### C.  Cognizability

All four grounds raised in Hayes's amended section 2255 motion are cognizable grounds for relief because they allege that his sentence was imposed in

---

[6] *See Washington*, 243 F.3d at 1301 (pleadings filed by an incarcerated movant deemed filed on the date placed into the prison's official mail system). The operative date of filing was May 3, 2022.

violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2255(a); *e.g., Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings).

### D.   Procedural Default

"[A] collateral challenge may not do service for an appeal." *Frady*, 102 S.Ct. at 1593. "Once the defendant's chance to appeal has been waived or exhausted," courts "are entitled to presume that [the defendant] stands fairly and finally convicted." *Id*. Thus, claims previously available but not raised in a prior proceeding are procedurally defaulted and ordinarily barred from consideration on collateral review. *Bousley v. United States*, 118 S.Ct. 1604, 1610–1612 (1998); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). Just as the movant generally bears the burden of proof, a movant who has procedurally defaulted a claim by failing to raise it in an earlier proceeding bears the burden of demonstrating either cause and actual prejudice or actual innocence before obtaining review. *Bousley*, 118 S.Ct. at 1610–1611; *see also McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).

#### 1.   *Cause and prejudice*

To show cause for not raising a claim in an earlier proceeding, Hayes must show that "some external impediment" prevented counsel from constructing or raising the claim. *See High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000). The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 118 S.Ct. at 1611; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir.

1998) (examining defaulted claim based on Supreme Court's decision in *Bailey v. United States*, 116 S.Ct. 501 (1995), that "use" of a firearm in 18 U.S.C. § 924(c) required proof of active employment).

A movant can establish cause in some circumstances by showing that a procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland v. Washington*, 104 S.Ct. 2052, 2061 (1984). *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). To succeed, however, the movant must fully allege and prove deficient performance that worked to his actual and substantial disadvantage. *See Reece v. United States*, 119 F.3d 1462, 1465-68 (11th Cir. 1997). In other words, "the claim of ineffective assistance must have merit." *Nyhuis*, 211 F.3d at 1344. Further, that an issue is reasonably available—and therefore, not sufficiently novel to constitute cause—does not mean that counsel's failure to raise it is constitutionally deficient performance. *See Pitts*, 923 F.2d 1568, 1572–74 (11th Cir. 1991) (even though claim based on *Batson v. Kentucky*, 106 S.Ct. 1712 (1986), was reasonably available to counsel at trial in 1985, failure to anticipate *Batson* decision and raise that claim was not ineffective assistance of counsel for purposes of cause and prejudice analysis).

### 2. *Actual innocence*

Hayes may avoid a procedural bar if he can show, by clear and convincing evidence, that the alleged error "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 118 S.Ct. at 1612 (quoting *Murray v. Carrier*, 106 S.Ct.

2639, 2641 (1986)); *Jones*, 153 F.3d at 1308. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 118 S.Ct. at 1612 (internal quotations and citation omitted).

### E.   Relitigation Bar

"Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." *Nyhuis*, 211 F.3d at 1343 (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)); *see also Stoufflet v. United States*, 757 F.3d 1236, 1240–42 (11th Cir. 2014) (analyzing prior resolution and contrasting the law-of-the-case doctrine, which regulates judicial affairs before final judgment); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal).

### F.   Ineffective Assistance of Counsel

To succeed on an ineffective assistance of counsel claim, Hayes must meet a stringent, two-prong test. First, Hayes must show that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed … by the Sixth Amendment." *Strickland*, 104 S.Ct. at 2064. Second, he must prove resulting prejudice. *Id.* If Hayes fails to establish either prong, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005). *Strickland* sets a "high bar" for ineffective assistance claims, and surmounting it "is never an easy task."

*Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (internal quotation marks and citation omitted).

## III.  ARGUMENT—INDIVIDUAL GROUNDS

### A.   Ground One and Ground Four: Prior resolution bars Hayes's claims. In any event, they lack merit.

Hayes asserts in Ground One that this Court violated his Due Process rights by sentencing him as an armed career criminal because his prior Florida drug convictions did not qualify as valid predicate offenses, in that they were strict liability offenses that lacked the requisite *mens rea* as to the illicit nature of the distributed substance.[7] Civ. Doc. 8 at 4. At Ground Four, Hayes asserts that he received ineffective assistance of counsel where counsel failed to raise the arguments related to his unlawful sentence imposed under section 924(e). *Id.* at 8.

Hayes cannot obtain review of his substantive argument (Ground One) or the related ineffective-assistance claim (Ground Four) because this Court and the Eleventh Circuit have previously considered and rejected this challenge to his armed-career-criminal designation. *See* Doc. 56 at 7–9 (ACCA *mens rea* challenge overruled, Court bound by prior precedent); *Hayes*, 779 F. App'x at 577–578 (same). A matter that has previously been decided adversely to a defendant on direct appeal, cannot be re-litigated in a collateral attack under section 2255. *See Nyhuis*, 211 F.3d at 1343

---

[7] As also expressed in Ground One, subparagraph (a): "The Rule of Lenity requires that Petitioner's unlawful ACCA sentence be vacated, for the reasons stated above."

(quoting *Natelli*, 553 F.2d at 7); *see also Stoufflet*, 757 F.3d at 1240–42; *Olmstead*, 55 F.3d at 319.

Furthermore, simply labeling his issue as "ineffective assistance of counsel" in Ground Four does not permit Hayes to relitigate the previously rejected claim in Ground One. A movant cannot evade a prior-resolution bar by recharacterizing his claim as a different legal theory. *Nyhuis*, 211 F.3d at 1343 (recharacterization of rejected claim does not merit rehearing); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating that a defendant may not "recast, under the guise of a collateral attack, questions fully considered by this court [on direct appeal]").

In any event, Hayes's arguments lack merit. Hayes claims his prior drug convictions do not qualify as ACCA predicate offenses because the Florida statute under which he was convicted does not require knowledge of the illicit nature of a substance, making the ACCA inapplicable. Civ. Doc. 1 at 8–10. Binding precedent foreclosed this challenge at sentencing and on appeal. "No element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied" by ACCA's serious-drug-offense definition. *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014); *see also United States v. Phillips*, 834 F.3d 1176, 1184 (11th Cir. 2016).

As Hayes has acknowledged, Civ. Doc. 1 at 9, the Supreme Court unanimously affirmed *Smith*'s holding that a violation of Fla. Stat. § 893.13 constituted a "serious drug offense" under the ACCA. *Shular v. United States*, 140 S. Ct. 779, 782 (2020). The Supreme Court reasoned that the ACCA did not require that the state offense match the elements of generic federal offenses; rather, a state

offense need only involve the conduct specified in the federal statute—namely, "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," in the case of the ACCA. *Id.* (quotations omitted).

As Hayes does here, Shular urged the Supreme Court to apply the rule of lenity in determining whether § 924(e)(2)(A)(ii) requires a generic-offense-matching analysis. *Shular*, 140 S. Ct. at 787. The rule of lenity "applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." *United States v. Shabani*, 115 S.Ct. 382, 386 (1994). But the Supreme Court was left with no ambiguity for the rule to resolve. "Section 924(e)(2)(A)(ii)'s text and context leave no doubt that it refers to an offense involving the *conduct* of manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. Because those terms describe conduct and do not name offenses, a court applying § 924(e)(2)(A)(ii) need not delineate the elements of generic offenses." *Shular*, 140 S. Ct. at 787 (quotations omitted). Simply put, the rule of lenity is inapplicable, *Shular* reaffirmed *Smith*, and Hayes's previously litigated ACCA challenge remains barred by precedent.

Hayes's ineffective-assistance allegation in Ground Four also fails.  Under *Strickland*, an unsuccessful argument does not render counsel's representation ineffective. Here, it is the opposite. Hayes's counsel challenged at sentencing and on appeal whether Hayes's convictions were valid ACCA predicates to preserve the challenges. Civ. Doc. 3-1. Hayes has failed to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 104 S.Ct. at 2068.

**B.    Grounds Two and Three: Both Grounds are untimely; Prior resolution bars Ground Two; Hayes's claim at Ground Three is procedurally defaulted; Both claims lack merit.**

In new Ground Two, Hayes argues that he is innocent of the sentence imposed under 18 U.S.C. § 924(e) because he does not have "at least three prior convictions for 'serious drug offenses' and/or 'violent felonies,' committed on occasions different from one another," per *Wooden*. Civ. Doc. 8 at 5-6. Hayes claims in Ground Three that, as clarified by *Wooden*, Due Process and the rule of lenity demand that his sentence be vacated, asserting that the "occasion[s] clause" is unconstitutionally vague. *Id.* at 6-7. Hayes is off base.

In *Wooden*, the Supreme Court reviewed a particular factual scenario in which the defendant had engaged in a one-after-another-after-another burglary of ten units in a single storage facility in a single evening but had been subjected to the enhanced criminal penalties under the ACCA due to the number of resulting convictions. *Wooden*, 142 S.Ct. at *1067-1069. The Court held that Wooden's prior convictions associated with the multiple burglary counts were not offenses on "different occasions" within the meaning of the ACCA. *Id.* at *1074. Of course, the factual scenario underlying *Wooden* bears no resemblance to Hayes's situation. Hayes's qualifying convictions stem from crimes committed by him in *different years*— September 10, 2002, February 19, 2004, and November 7, 2006. See *Shepard* documents in Attachment One. Ground Two is without merit.

14

Notwithstanding, in addressing Grounds Two and Three, this Court need not consider the inapplicability of *Wooden* to Hayes's case as his claims are untimely, barred by prior resolution, and/or procedurally defaulted. As noted above, Hayes's conviction became final on March 2, 2020. The operative date for determining when Hayes first raised Grounds Two and Three is May 3, 2022,[8] the date his amended motion was placed into the prison's official mail system, more than a year after the expiration of the period to raise the claims. Further, none of the exceptions listed in § 2255(f)(2)–(f)(4) apply,[9] and Fed. R. Civ. P. 15(c) is unavailable to aid Hayes's attempt to include the two new claims for collateral review. To be properly raised in an amended 2255 motion under Rule 15(c), Grounds Two and Three would have to tie back to claims timely raised in the original motion. *See Mayle v. Felix*, 125 S.Ct. 2562, 2563-2564 (2005). They do not. Both claims are therefore untimely.

Furthermore, Ground Two in the amended motion is barred by prior resolution at the Eleventh Circuit. Hayes challenged on appeal this Court's reliance on its own findings that Hayes's three predicate ACCA violations occurred on different occasions. *Hayes*, 779 F. App'x at 575. In discussing Hayes's on-different-occasions challenge, the Eleventh Circuit explained that the Court was permitted to make such findings using *Shepard* documents. *Id.* at 576–577. Notably, the Eleventh Circuit stated: "the *Shepard* documents in the record, including the judgments of

---

[8] Indeed, even his motion to amend was signed and filed in late March 2022. Civ. Doc. 6.

[9] 28 U.S.C. § 2255(f)(3) is inapplicable. *Wooden* was not made retroactively applicable to cases on collateral review.

Hayes's prior convictions, support the district court's conclusion that the predicate offenses were committed on different occasions. Accordingly, we affirm." *Id*. at 577. That issue has been decided adversely to Hayes on direct appeal. It cannot now be relitigated in a collateral challenge via section 2255. *See Nyhuis*, 211 F.3d at 1343 (quoting *Natelli*, 553 F.2d at 7); *see also Stoufflet*, 757 F.3d at 1240–42; *Olmstead*, 55 F.3d at 319 (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal).[10]

Hayes's claim at Ground Three—Due Process and the rule of lenity demands that his sentence be vacated because the "occasion[s] clause" is unconstitutionally vague—has been procedurally defaulted by Hayes, and he is therefore barred from raising it on collateral review. *See Bousley*, 118 S.Ct. at 1610-1612; *McCoy*, 266 F.3d at 1258. A movant, such as Hayes, who has procedurally defaulted a claim by failing to raise it in an earlier proceeding bears the burden of demonstrating either cause and actual prejudice or actual innocence before obtaining review. *Bousley*, 118 S.Ct. at 1611–1612; *see also McKay*, 657 F.3d at 1196. To show cause why he did not timely raise the claims, Hayes must demonstrate "some external impediment" that prevented counsel from constructing or raising the claim. Hayes has not made (and

---

[10] As explained above, "a collateral challenge may not do service for an appeal." *Frady*, 102 S.Ct. at 1593. If, for any reason, the Court determines that Hayes has not previously raised an on-different-occasions challenge, Hayes has procedurally defaulted the claim and is barred from consideration on collateral review, and he offers nothing to surmount his burden of demonstrating either cause or actual prejudice or actual innocence to merit review. *See Bousley*, 118 S.Ct. at 1610–1612.

cannot make) such a showing in this case, as no such external impediment existed.

Moreover, Hayes has not demonstrated that the procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland*. *See Strickland*, 104 S.Ct. at 2077. *Strickland* sets a "high bar" for such ineffective assistance claims. *Harrington*, 562 U.S. at 105. Hayes would need to demonstrate that his counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed … by the Sixth Amendment." *Strickland*, 104 S.Ct. at 2077. Hayes has offered nothing in this regard, nor could he given his counsel's diligent performance, discussed above.[11]

In addition, Hayes's claim in Ground Three that the rule of lenity demands that his ACCA sentence be vacated is also without merit. The rule of lenity "applies only when, after consulting traditional canons of statutory construction, [the Court is] left with an ambiguous statute." *Shabani*, 115 S.Ct. 382. Stated differently, the rule can apply where a federal criminal statute is grievously ambiguous making it appropriate to interpret the statute in a criminal defendant's favor. *Wooden*, 142 S.Ct. at *1075 (*citing Ocasio v. United States*, 136 S.Ct. 1423). The rule, however, "does not apply when a law merely contains some ambiguity or is difficult to decipher." *Id.* The concurring opinions in *Wooden* explored the rule of lenity in the context of the ACCA and the language "on occasions different from one another" found in section

---

[11] Should Hayes's claim at Ground Four—purported ineffective assistance of counsel—somehow be considered timely and applicable to (procedurally defaulted) Ground Three, the above makes clear that Hayes has not met his burden to establish the claim.

924(e). *See, e.g., Id.* at \*1075–1087. That discussion makes clear that the rule of lenity is wholly inapplicable here, and Hayes had fair notice concerning the law, such that the void-for-vagueness doctrine is also unavailable. *See, e.g., Skilling v. United States*, 130 S.Ct. 2896, 2933 (2010).

*United States v. Jackson*

This Court directed the United States to address whether *Jackson*, a recent Eleventh Circuit opinion, supports a claim in Hayes's amended motion. Doc. 11 at 2. It does not.

On June 10, 2022, the Eleventh Circuit held in *Jackson* that the defendant's 1998 and 2004 cocaine convictions, under Fla. Stat. 893.13, do not count as "serious drug offenses" under the ACCA. The Court determined that such was the case because, when Jackson committed his section 922(g) offense (in September 2017), the definition of cocaine in the federal controlled-substance schedule was narrower than Florida's had been when Jackson committed his Florida cocaine offenses.[12] *Jackson*, 36 F.4th 1294. The Eleventh Circuit held that, as to 18 U.S.C. § 922(g) offenses committed after September 2015, Florida convictions for cocaine offenses committed before July 2017 do not qualify as convictions for "serious drug offenses" under the ACCA because the Florida drug schedule included ioflupane and the federal schedule did not.

---

[12] One form of cocaine, ioflupane, was removed from the federal schedule in September 2015, but it remained in the Florida scheduled until July 2017.

Notwithstanding, for the reasons discussed above concerning Grounds Two and Three, a claim under *Jackson*, raised for the first time by Hayes at this juncture on collateral review, would be untimely. None of the exceptions listed in § 2255(f)(2)–(f)(4) apply,[13] and Fed. R. Civ. P. 15(c) is unavailable. Further, Hayes is procedurally defaulted from raising a claim under *Jackson*, and he has offered nothing to surmount his heavy burden to demonstrate why he should be permitted to bring such a claim at this late date.

Nonetheless, the United States recognizes that the holding in *Jackson* means that prior cocaine convictions may no longer qualify as ACCA predicates. *Jackson's* holding will inevitably affect a large number of cases within the Eleventh Circuit, which logically increases the likelihood of en banc consideration. Indeed, per the appellate court docket, the Eleventh Circuit, on June 13, 2022, withheld the mandate in *Jackson* and has subsequently extended to August 1 its deadline to accept a petition for rehearing en banc. Further, on July 1, 2022, the States of Alabama, Florida, and Georgia filed an amicus brief in *Jackson*, urging the Eleventh Circuit to rehear that appeal either as a panel or en banc. See Attachment Two.

If, for any reason, the Court deems it appropriate in this case to consider a claim under *Jackson* (which it should not, given the claim is untimely and procedurally defaulted), the United States respectfully requests that the Court stay such consideration until after the Eleventh Circuit issues a mandate in that case.

---

[13] *Jackson* is an Eleventh Circuit decision, so 28 U.S.C. § 2255(f)(3) is inapplicable.

That course would conserve resources should either the *Jackson* panel or the Eleventh Circuit sitting en banc vacate *Jackson* and issue a new opinion.

### C.    Need for an evidentiary hearing

For all of the reasons set forth above, Hayes unsupported claims fall well short of meeting his burden to establish a need for an evidentiary hearing on an ineffective-assistance claim, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). Civ. Doc. 3 at 10-11. Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or has been defaulted, *see McCleskey v. Zant*, 111 S.Ct. 1454, 1468 (1991). Hayes has not established the need for an evidentiary hearing because the issues he raises are untimely, waived, procedurally barred, and his arguments are based on faulty legal reasoning.

## IV. CONCLUSION

This Court should deny Hayes's motion to vacate. Prior resolution bars Hayes's claim in Ground One. Grounds Two and Three are both untimely, Ground Two is barred by prior resolution, and Ground Three is procedurally defaulted. Further, all of the claims lack merit and fail, even when recast in Ground Four as a catch-all ineffective assistance claim because Hayes cannot establish either *Strickland* prong. *See Maharaj*, 432 F.3d at 1319.

THEREFORE, the United States respectfully requests that this Court deny Hayes's amended section 2255 motion.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


By:     /s/ *Jay G. Trezevant*
        Jay G. Trezevant
        Assistant United States Attorney
        Florida Bar No. 0802093
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone:    (813) 274-6000
        Facsimile:    (813) 274-6125
        E-mail: jay.trezevant@usdoj.gov

**Jamaar Hayes v. United States**          **Case No. 8:21-cv-539-SDM-TGW**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 11, 2022 I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, a true and correct copy of the

foregoing document and the notice of electronic filing were sent by United States

Mail to the following non-CM/ECF participant:

> Jamaar Hayes
> Reg No. 70100-018
> FCC Coleman Medium
> PO Box 1032
> Coleman, FL 33521

<u>/s/ *Jay G. Trezevant*</u>
Jay G. Trezevant
Assistant United States Attorney